

**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York  10018
**T** (212) 218-5500
**F** (212) 218-5526

cstieber@seyfarth.com
T (212) 218-3382

www.seyfarth.com

July 21, 2020

**VIA ECF**

Hon. Lewis J. Liman
United States District Court, SDNY
500 Pearl Street, Room 701
New York, NY 10007

Re:     *Gilbert v. Indeed, Inc., et al.*, Civil Action No. 20 Civ 3826 (LJL)

Dear Judge Liman:

On behalf of Indeed, Inc. ("Indeed")[1], we submit this letter in opposition to Plaintiff's July 17, 2020 letter motion (the "Letter Motion") seeking a preliminary ruling on the issue of the enforceability of the fees and costs provision of the parties' arbitration agreement. We ask that the Court deny the Letter Motion.

It should come as no surprise to Plaintiff that Indeed is asking the Court to enforce a contract between the parties—the arbitration agreement that Plaintiff agreed to and for which she received consideration. Plaintiff's counsel nonetheless claims surprise by the motion to compel and asks that the Court make a premature ruling on the issue of fees and costs *prior* to a ruling on the enforceability of the overall arbitration agreement. This is a waste of judicial resources.

Plaintiff seeks relief for which there is no supporting authority. In fact, Plaintiff does not cite to a single case that supports the extraordinary relief she is now requesting. Rather, Plaintiff's request asks the Court to put the cart before the horse. Indeed may only obtain an order entitling it to attorney's fees and costs *after* the Court compels this case to arbitration, per the terms of the arbitration agreement. The Court should therefore only address the issue of fees after making such determination. For evidence of the judicial waste inherent in Plaintiff's Letter Motion, the Court need only look at what occurs if it grants the relief requested in the Letter

---

[1] Indeed is also represented by Waller Lansden Dortch & Davis, LLP, who additionally represents Alexa Wachstein, Gabrielle Verbaro, and Michelle Lam (collectively with Indeed, the "Indeed Defendants"). The Indeed Defendants join this submission. By submitting this response to Plaintiff's Letter Motion, the Indeed Defendants expressly preserve all rights in connection with their pending Motion to Compel Arbitration and do not concede jurisdiction of this matter to the court. The Indeed Defendants expressly deny Plaintiff's claims of hostile work environment, discrimination, retaliation, and all other allegations against them in the Complaint. To the extent the Indeed Defendants have not addressed each and every argument or assertion in Plaintiff's Letter Motion herein, the allegations are denied and no waiver shall be construed; the Indeed Defendants will address each such disputed argument properly in reply to Plaintiff's opposition on the Motion to Compel Arbitration.

64941812v.1



Hon. Lewis J. Liman
July 21, 2020
Page 2

Motion. Plaintiff does not state that she will agree to arbitrate if the failure to comply provision is upheld; rather, the Court would still be required to decide the merits of Indeed's Motion to Compel.[2] Moreover, to suggest that bifurcation of this issue will somehow reduce the parties' costs and fees is disingenuous at best. Rather, both parties' fees are only *increased* by this unnecessary Letter Motion.

So what is this Letter Motion actually about? Although Plaintiff styles it as a request to the Court to decide a matter of law, notably counsel spills much ink and takes great liberties in narrating their version of the facts. Many statements are not only misleading, but also completely irrelevant to Plaintiff's request. This underscores counsel's more likely motive in presenting this Letter Motion—*i.e.*, using public filings in an attempt to embarrass Indeed and sensationalize a misleading version of the facts. If this was not their tactic, counsel would simply include their argument opposing enforcement of the failure to comply provision as part of their opposition to Indeed's Motion to Compel Arbitration. By way of example only and without waiving any defenses, Indeed points out the following:

- The issue at hand is the enforceability of the arbitration agreement, *not* Plaintiff's rape claim. There are no claims against Indeed for the alleged rape. Nevertheless, Plaintiff's counsel includes the word "rape" no less than fourteen times in their three-page letter.

- While Indeed takes no position regarding the claims against Schwartz, contrary to Plaintiff's assertions, Schwartz was not an Indeed manager at the time of the alleged events and Schwartz's employment with Indeed terminated prior to Plaintiff filing this lawsuit.[3]

- Plaintiff alleges she reported the alleged rape to "among others, her supervisor, Wachstein, both orally and in writing." Yet, Plaintiff only informed Ms. Wachstein of the alleged assault several months later, and expressly directed Ms. Wachstein not to share this information with the Company. Indeed was not otherwise made aware of the alleged assault until Plaintiff retained counsel in October 2019.

- Indeed was unaware of Plaintiff's allegations until late 2019 and thus could not "as a result" of the allegations have "discriminated and retaliated against her." Despite the fact that Indeed's HR had no knowledge of Plaintiff's allegations, Indeed has for years provided Plaintiff with extensive accommodations for her underlying medical conditions.

---

[2] Plaintiff's counsel cite dicta from one case to support the idea that the failure to comply provision is unconscionable. Indeed disputes that the clause is unconscionable and will fully argue that position at the proper time. Even if the provision were found to be unconscionable, this would not render the underlying dispute non-arbitrable, as noted in the very case relied upon by Plaintiff. *See Ragone v. Atlantic Video at Manhattan Center*, 595 F.3d 115, 124-25 (2d Cir. 2010). Further, Indeed will address at the proper time Plaintiff's mischaracterization of the holding in *Whyte v. WeWork Cos.*, 20-cv-1800, 2020 WL 3099969 (S.D.N.Y. June 11, 2020), which addressed sanctions and not a mutually applicable enforcement provision.

[3] Plaintiff's motion also focuses on whether or not she anticipated that the arbitration agreement would cover allegations of assault by an Indeed employee. However, there is no claim in this action alleging assault by the Indeed Defendants, who have a contractual right to arbitration of the claims brought against them. Mr. Schwartz, who is represented by separate counsel and has not yet responded to the Complaint, may file his own motion to compel arbitration which would address this separate issue.



Hon. Lewis J. Liman
July 21, 2020
Page 3

    From June 3, 2016 to October 18, 2019, Indeed granted Plaintiff approximately 130 full or partial days of PTO; approximately 60 days of STD/FMLA; and the ability to intermittently work part-time during the majority of the period between November 2018 and March 31, 2019, as accommodations. Plaintiff remains a current employee, working remotely for the Company.[4]

- Plaintiff asserts that she was asked to sign a 2020 arbitration agreement, which she rejected. There is no 2020 arbitration agreement, and no such document was ever presented to Ms. Gilbert. Instead, in 2020, in connection with her LTIP agreement, she was asked to reaffirm her continuing obligation to comply with the terms and conditions of the arbitration agreement she had already signed in 2019 and for which she received consideration. Plaintiff's refusal to acknowledge an ongoing obligation does not alter the obligation itself—a binding agreement to arbitrate, which she executed in 2019 and which remains in place today.

- Finally, it is untrue that Indeed "first" demanded arbitration in its July 14, 2020 letter. Plaintiff's counsel was placed on notice of the arbitration agreement in October 2019 and several times thereafter. (*See* Dkt. 31-9; Dkt. 31-7.) Each time Indeed pointed out the existence of the arbitration agreement, Plaintiff rejected arbitration, fully aware of all provisions in the agreement, including the failure to comply provision. Certainly, Plaintiff's counsel took into consideration in commencing this action that Plaintiff would be responsible for fees and costs under the terms of the agreement were the agreement to be enforced.

The Court should not countenance Plaintiff's counsels' tactics. The appropriate place for determining the enforceability of the failure to comply provision is in the briefing and hearing on the Motion to Compel Arbitration. Consequently, the Indeed Defendants respectfully request that Plaintiff's request be denied and the parties proceed with briefing on the Motion to Compel Arbitration.

Very truly yours,

SEYFARTH SHAW LLP


*/s/ Courtney Stieber*


Courtney Stieber


CS:
cc:    Counsel of Record (via ECF only)

---

[4] Plaintiff also alleges that Indeed had "full knowledge of her diagnoses," which is untrue. Prior to retaining counsel, Plaintiff did not make Indeed aware of several diagnoses, nor did she notify Indeed that *any* of her medical conditions purportedly arose out of the alleged assault.

64941812v.1