**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TAYLOR GILBERT,

      Plaintiff,

– against –

INDEED, INC., AARON SCHWARTZ,
ALEXA WACHSTEIN, GABRIELLE
VERBARO and MICHELLE LAM,

        Defendants.

Case No. 1: 20-cv-03826 (LJL) (KHP)

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AARON SCHWARTZ'S MOTION TO DISMISS THE COMPLAINT

---

**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7000
(212) 692-0940 (fax)

*Attorneys for Defendant Aaron Schwartz*

<u>On Brief:</u>
James M. Lemonedes, Esq.
Matthew C. Berger, Esq.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 2

LEGAL ARGUMENT .................................................................................................... 5

I.      LEGAL STANDARD ........................................................................................... 5

        A.     Federal Rule of Civil Procedure 12(b)(2) ............................................ 5

        B.     Federal Rule of Civil Procedure 12(b)(6) ............................................ 7

II.     PLAINTIFF'S COMPLAINT MUST BE DISMISSED WITH RESPECT TO ALL CLAIMS AGAINST DEFENDANT SCHWARTZ, AS THIS COURT LACKS PERSONAL JURISDICTION AGAINST DEFENDANT SCHWARTZ ....................... 8

III.    IN THE ALTERNATIVE, DEFENDANT SCHWARTZ SEEKS TO JOIN THE CO-DEFENDANTS' MOTION TO COMPEL ARBITRATION ................................... 13

IV.    FINALLY, IF THE COURT DECLINES TO GRANT DEFENDANT SCHWARTZ'S REQUESTS UNDER POINTS (II) AND (III), THE COURT MUST DISMISS THE NINTH AND TENTH CAUSES OF ACTION AGAINST DEFENDANT SCHWARTZ FOR FAILURE TO STATE A CLAIM ......................... 14

        A.     Causes of Action Nine and Ten Must Be Dismissed Because they Are Barred by the Applicable Statutes of Limitations ................................... 14

        B.     Even if the Court Declines to Dismiss the Ninth and Tenth Causes of Action as Barred by the Applicable Statutes of Limitation, the Tenth Cause of Action Must be Dismissed because it Also Fails to State a Claim ...................... 17

CONCLUSION .............................................................................................................. 21

113624759

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*777388 Ontario Ltd. v. Lencore Acoustics Corp.*,
  105 F. Supp. 2d 56 (E.D.N.Y. 2000) ....................................................................15

*A.I. Trade Fin., Inc. v. Petra Bank*,
  989 F.2d 76 (2d Cir. 1993)............................................................................................9

*Adams v. Jenkins*,
  No. 115745/03, 2005 WL 6584554 (N.Y. Sup. Ct. Apr. 22, 2005).........................19

*AroChem Int'l, Inc. v. Buirkle*,
  968 F.2d 266 (2d Cir. 1992).......................................................................................15

*Art Assure Ltd., LLC v. Artmentum GmbH*,
  No. 14 Civ. 3756 (LGS), 2014 WL 5757545 *1, *2 ((S.D.N.Y. Nov. 4, 2014)......................6

*Asahi Metal Indus. Co. v. Superior Court*,
  480 U.S. 102 (1987)................................................................................................9, 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................7, 8

*Babcock v. Jackson*,
  12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963).............................15, 16

*Bader v. Purdom*,
  841 F.2d 38 (2d Cir. 1988).........................................................................................15

*Bank Brussels Lambert v. Fidler Gonzalez & Rodriguez*,
  171 F.3d 779 (2d Cir. 1999)...............................................................................5, 7, 10

*Barkanic v. Gen. Admin. of Civil Aviation of the People's Republic of China*,
  923 F.2d 957 (2d Cir. 1991).......................................................................................14

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007).................................................................................................7, 8

Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.,
  975 F. Supp. 562 (S.D.N.Y.1997) ..............................................................................6

*Best Van Lines, Inc. v. Walker*,
  490 F.3d 239 (2d Cir. 2007)........................................................................................8

113624759

*BHC Interim Funding, LP v. Bracewell & Patterson, LLP*,
No. 02 Civ. 4695 (LTS) (HBP), 2003 WL 21467544 (S.D.N.Y. June 25, 2003)......................6

*Bramwell v. Tucker*,
484 N.Y.S.2d 92 (2d Dep't 1985) .................................................................................11

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)...............................................................................................9, 13

*Chloe v. Queen Bee of Beverly Hills, LLC*,
616 F.3d 158 (2d Cir. 2010)....................................................................................7, 8

*Cordero v. Epstein*,
22 Misc. 3d 161, 869 N.Y.S.2d 725 (Sup. Ct. 2008) ...........................................18

*Darby Trading Inc. v. Shell Int'l Trading and Shipping Co. Ltd.*,
568 F. Supp. 2d 329 (S.D.N.Y. 2008)..........................................................................6

*DiFolco v. MSNBC Cable L.L.C.*,
622 F.3d 104 (2d Cir. 2010).......................................................................................2

*DiStefano v. Carozzi N. Am., Inc.*,
286 F.3d 81 (2d Cir. 2001)........................................................................................10

*Domond v. Great Am. Recreation, Inc.*,
116 F. Supp. 2d 368 (E.D.N.Y. 2000) ...............................................................11, 12

*Fantis Foods, Inc. v. Standard Importing Co.*,
49 N.Y.2d 317 (1980) ...............................................................................................11

*Fierro v. Taylor*,
11-cv-8573 (BSJ), 2012 WL 6965719 (S.D.N.Y. Oct. 22, 2012) ..........................19

*Gottwald v. Sebert*,
No. 653118/2014, 2016 WL 1365969 (N.Y. Sup. Ct. Apr. 6, 2016).................18, 19

*Gray v. Busch Entn't Corp.*,
886 F.2d 14 (2d Cir. 1989) (*per curiam*) ................................................................15

*Hardwick v. Auriemma*,
116 A.D.3d 465, 983 N.Y.S.2d 509 (1st Dep't 2014) ............................................19

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984)....................................................................................................9

*Hermann v. Sharon Hosp., Inc.*,
135 A.D.2d 682, 522 N.Y.S.2d 581 (2d Dep't 1987) .............................................10

iii

*Holmes v. Apple, Inc.*,
   No. 17-cv-4557 (ER), 2018 WL 3542856 (S.D.N.Y. July 23, 2018) .......................................7

*Hughes v. Twenty-First Century Fox, Inc.*,
   304 F. Supp. 3d 429 (S.D.N.Y. 2018)................................................................................18, 19

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945).........................................................................................................8, 9

*Jazini v. Nissan Motor Co., Ltd.*,
   148 F.3d 181 (2d Cir. 1998).................................................................................................6

*Kernan v. Kurz–Hastings, Inc.*,
   175 F.3d 236 (2d Cir. 1999).................................................................................................6

*Levy v. City Comm'n on Human Rights*,
   85 N.Y.2d 740, 628 N.Y.S.2d 245 (1995) .........................................................................20

*Loebig v. Larucci*,
   572 F.2d 81 (2d Cir. 1978).................................................................................................15

*M & M Packaging, Inc. v. Kole*,
   298 F. App'x 39 (2d Cir. 2008) ..........................................................................................11

*Muraco v. Sandals Resorts Int'l*,
   No. 14-cv-4896 (MKB), 2015 WL 9462103 (E.D.N.Y. Dec. 28, 2015) ..............................10

*Robins v. Max Mara, U.S.A., Inc.*,
   923 F. Supp. 460 (S.D.N.Y. 1996) ......................................................................................15

*Schultz v. Boy Scouts of Am., Inc.*,
   65 N.Y.2d 189, 491 N.Y.S.2d 90 (1985) ............................................................................15

*Schwimmer v. Allstate Ins. Co.*,
   176 F.3d 648 (2d Cir. 1999)...............................................................................................15

*Sorrentino v Citicorp*,
   302 A.D.2d 240 (1st Dep't 2003) .......................................................................................20

*Sunward Elecs., Inc. v. McDonald*,
   362 F.3d 17 (2d Cir. 2004)...................................................................................................8

*Sutts v. De Dietrich Group*,
   465 F. Supp. 2d 156 (E.D.N.Y. 2006) ..................................................................................6

*Tamam v. Fransabank Sal*,
   677 F. Supp. 2d 720 (S.D.N.Y. 2010)..................................................................................6

iv

*In re Terrorist Attacks on Sept. 11, 2001*,
   295 F. Supp. 3d 416 (S.D.N.Y. 2018), *rev'd and remanded sub nom.*
   *Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank*, 779 F. App'x
   66 (2d Cir. 2019) ................................................................................................2

*Thackurdeen v. Duke Univ.*,
   No. 14-cv-6311 (AJN), 2015 WL 5155890 (S.D.N.Y. Sept. 2, 2015) ....................................11

*In re Travelers Indem. Co.*,
   195 A.D.2d 35, 606 N.Y.S.2d 167 (1st Dep't 1993) ..............................................15

*Troma Entm't, Inc. v. Centennial Pictures Inc.*,
   729 F.3d 215 (2d Cir. 2013)......................................................................................11

*Twin City Fire Ins. Co. v. Harel Ins. Co.*,
   No. 10-cv-07842 (BSJ) (GWG), 2011 WL 3480948 (S.D.N.Y. Aug. 5, 2011) .................9, 12

*Wahlstrom v. Metro-N. Commuter R. Co.*,
   89 F. Supp. 2d 506 (S.D.N.Y. 2000)......................................................................20

*Whitaker v. Am. Telecasting, Inc.*,
   261 F.3d 196 (2d Cir. 2001)......................................................................................11

*Wilson v. Danka Corp.*,
   No. 01 CIV. 10592(DAB), 2002 WL 31929120 (S.D.N.Y. Jan. 28, 2003)......................10, 11

**Statutes**

City Code § 2-201 ........................................................................................................19

N.Y. Penal Law § 130.35 ..............................................................................................5

**Other Authorities**

C.P.L.R. § 301 ..............................................................................................................7

C.P.L.R. § 302 ..............................................................................................................7

C.P.L.R. § 302(a) ..........................................................................................................8

C.P.L.R. § 302(a)(3) ..........................................................................................9, 10, 11, 12

C.P.L.R. § 302(a)(3)(ii) ..............................................................................................10

Federal Rule of Civil Procedure 12(b)(1)(6) ............................................................1

Federal Rule of Civil Procedure 12(b)(2) ........................................................1, 2, 5, 21

Federal Rule of Civil Procedure 12(b)(6) ....................................................1, 2, 7, 14, 17, 21

v

N.Y.C. Admin. Code § 8-901 - New York City's Gender–Motivated Violence Act
    ("GMVA"), ....................................................................................................17, 18, 19

N.Y.C. Admin. Code § 8-903 ...........................................................................5, 17, 18

N.Y.C. Admin. Code § 8–904................................................................................17, 18, 19

U.S. Constitution...................................................................................7, 8, 12, 13

vi

## PRELIMINARY STATEMENT

Defendant Aaron Schwartz moves to dismiss the Complaint filed by Plaintiff Taylor Gilbert ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(2), or in the alternative, to either join co-defendants' motion to compel arbitration or to dismiss the Ninth and Tenth Causes of Action pursuant to Rule 12(b)(1)(6) (the "Motion").  Specifically, Mr. Schwartz seeks: (1) to dismiss the Complaint in its entirety and with prejudice as to all claims against him, pursuant to Rule 12(b)(2), as the Court lacks personal jurisdiction with respect to Mr. Schwartz; or, in the alternative, (2) to join co-defendants Indeed, Inc. ("Indeed"), Alexa Wachstein, Gabriell Verbaro, and Michelle Lam's Motion to Compel Arbitration ("Co-Defendants' Motion"); or, if the Court declines to grant Mr. Schwartz's Motion under Rule 12(b)(2) or permit Mr. Schwartz to join the Co-Defendants' Motion and grant same, (3) to dismiss both the Ninth and Tenth Causes of Action, pursuant to Rule 12(b)(6), for failure to state a claim.

With respect to Mr. Schwartz's motion under Rule 12(b)(2), the Complaint should be dismissed in its entirety with prejudice, because the alleged acts by Mr. Schwartz took place in Connecticut, not New York, Plaintiff did not sustain an alleged injury *in New York* as a result of the alleged conduct, and Mr. Schwartz does not solicit business, engage in persistent conduct, or derive substantial revenue from goods or services consumed in New York.  Therefore, for all of these reasons, this Court lacks personal jurisdiction over Mr. Schwartz.

Alternatively, this Court should permit Mr. Schwartz to join the Co-Defendants' Motion and grant that motion to compel arbitration because Plaintiff is bound by an arbitration agreement that covers all claims by Plaintiff against Indeed or any employee of Indeed.  Finally, if the Court declines to dismiss the Complaint as to Mr. Schwartz pursuant to Rule 12(b)(2) or permit Mr. Schwartz to join the Co-Defendants' Motion to compel arbitration and grant same, the Court

1

should dismiss the Ninth and Tenth Causes of Action against Mr. Schwartz because New York's choice of law rules favor application of Connecticut law over New York law as to Plaintiff's state law claims in the Ninth and Tenth Causes of Action against Mr. Schwartz, and pursuant to Connecticut law, such claims are barred by the applicable statute of limitations or, if the Court determines that New York law applies to these claims, the Tenth Cause of Action should be dismissed because the Complaint fails to allege facts sufficient to state a claim that the alleged sexual assault was "committed because of gender", "on the basis of gender," or "due, at least in part, to animus based on [Plaintiff's] gender."

For all of these reasons and as set forth below, Mr. Schwartz's Motion should be granted.

### STATEMENT OF FACTS[1]

Plaintiff, a 27-year-old woman and New York City resident, started her employment at Indeed as an Account Executive on July 13, 2015, in New York City.  (Compl.[2] ¶¶ 23, 34-36).  In late July 2015, Plaintiff attended a multi-day orientation/training program in Stamford, Connecticut.   (Compl. ¶ 44).  Mr. Schwartz, a former employee at Indeed who resides in Texas (and has resided there for the past six (6) years, has never lived in New York, and only infrequently visited New York for limited and specific business reasons) (Declaration of Aaron Schwartz, dated

---

[1] For purposes of this Motion to Dismiss, the material factual allegations set forth in the Complaint are assumed to be true only for those portions of the brief concerning Mr. Schwartz's arguments with respect to his rule 12(b)(6) motion and will form the basis for the statement of facts herein.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).   However, Mr. Schwartz denies all allegations with respect to all other portions of this brief, and specifically those portions of the brief concerning his Rule 12(b)(2) arguments.  *See In re Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 3d 416, 424 (S.D.N.Y. 2018) ("In assessing personal jurisdiction on a Rule 12(b)(2) motion, the court is neither required to 'draw argumentative inferences in the plaintiff's favor,' *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir. 1994) (internal quotation marks and citation omitted), nor must it 'accept as true a legal conclusion couched as a factual allegation.'" *Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 185 (2d Cir. 1998) (citation omitted)"), *rev'd and remanded sub nom. Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank*, 779 F. App'x 66 (2d Cir. 2019).   Further, should Mr. Schwartz's Motion be denied, in whole or in part, Mr. Schwartz intends to vigorously contest all of the "facts" asserted in the Complaint.

[2] "Compl." is the Complaint that Plaintiff filed in this Court and is listed on the Court's Docket as Docket Entry 1, which is also annexed hereto as Exhibit ("Ex.") "A" to the Declaration of James M. Lemonedes, Esq. dated August 31, 2020 ("Lemonedes Dec.").

113624759

August 31, 2020 ("Schwartz Decl."), ¶¶ 1, 10)[3], also attended the orientation/training program in Stamford, Connecticut, along with other Indeed employees from New York, Austin, Texas, and Toronto, Canada.  (Compl. ¶¶ 27, 45; Schwartz Decl., ¶ 7).

According to Plaintiff, during the Indeed orientation/training program in Stamford, Connecticut, Mr. Schwartz allegedly "came on" to Plaintiff and "made sexual advances toward her," including allegedly stating that "there are no Jewish girls in Austin" and "you're such a nice Jewish girl."  (Compl. ¶ 46).  After a full day of training sessions, Plaintiff went drinking with her new colleagues, including other Indeed employees, and became visibly intoxicated by the end of the evening.  (Compl. ¶¶ 47-48).  Following her night of drinking, Plaintiff decided to return to her hotel room at the Stamford Sheraton (in Stamford, Connecticut).  (Compl. ¶ 48).  Plaintiff claims that, upon her return to her hotel, she took a crowded elevator up to her room and, when the other guests left the elevator, only she and Mr. Schwartz remained, at which point Mr. Schwartz allegedly tried to kiss her.  (Compl. ¶ 49).

When the elevator stopped at her floor, Plaintiff allegedly tried to leave and allegedly told Mr. Schwartz not to follow her, but, according to Plaintiff, Mr. Schwartz allegedly followed Plaintiff to her hotel room and purportedly had non-consensual sex with her.  (Compl. ¶ 50).  Plaintiff alleges that she never consented to having sex with Mr. Schwartz and that she was incapable of consenting to having sex with him because she was drunk.  (Compl. ¶¶ 51-53).  After this alleged incident, Mr. Schwartz did not have any other contact with Plaintiff.  (Schwartz Decl., ¶¶ 9-11).  Significantly, Mr. Schwartz, and upon information and belief Indeed, were not advised by Plaintiff or any other party of Plaintiff's allegations of sexual assault until more than four years after the alleged incident, and shortly after she received criticism of her job performance by Indeed.

---

[3] The Schwartz Declaration is annexed hereto as Ex. "B" to the Lemonedes Decl.

113624759

Besides the above-noted specific allegations against Mr. Schwartz, Plaintiff alleges only the following, non-conclusory allegations against Mr. Schwartz:

- In February 2016, Plaintiff alleges that she "believ[ed]" she saw Mr. Schwartz in Indeed's New York office, which allegedly caused her to suffer a panic and anxiety attack (Compl. ¶ 59), although Mr. Schwartz never actually saw or encountered Plaintiff on the limited occasions he visited Indeed's New York City office (Schwartz Decl., ¶¶ 9-13);

- Plaintiff further alleges that Indeed somehow "continued to expose [Plaintiff] to Defendant Schwartz's presence in the workplace, including at the New York City office where she worked[]" (Compl. ¶ 65); however, Mr. Schwartz only visited Indeed's office infrequently and never once had any contact with Plaintiff (Schwartz Decl., ¶¶ 9-13);

- Plaintiff further alleges that she heard of an alleged assault of a female Indeed employee at a company-sponsored event, which purportedly triggered memories of the alleged July 2015 assault by Mr. Schwartz (Compl. ¶ 72); and

- In October 2019, Indeed sent Mr. Schwartz to the New York office, and prior to his arrival, Mr. Schwartz sent Plaintiff a message on LinkedIn, which allegedly caused Plaintiff to "relive the trauma" from the alleged assault (Compl. ¶ 74), which Mr. Schwartz vehemently denies (Schwartz Decl., ¶¶ 9-11).

Plaintiff also alleges the following conclusory allegations against Mr. Schwartz, which are included within the Causes of Action in the Complaint:

- Mr. Schwartz "violated the NYSHRL and NYCHLR because [he] knowingly aided and abetted Indeed's unlawful discrimination, harassment and retaliation against Plaintiff" (Compl. ¶ 160);

4

- "Defendant Schwartz knowingly and purposefully engaged in sexual harassment of Plaintiff and raped her. Moreover, Schwartz thereafter knowingly exacerbated the hostile work environment for Plaintiff by repeatedly going to Plaintiff's place of work, which he knew would cause trauma and create a hostile work environment for Plaintiff[]" (Compl. ¶ 161); however, Mr. Schwartz vehemently denies these allegations and asserts he never had any contact with Plaintiff in New York (Schwartz Dec., ¶¶ 9-11);

- "Defendant Schwartz's conduct against Plaintiff as alleged above constituted rape in the first degree as defined in N.Y. Penal Law § 130.35 because he engaged in sexual intercourse with Plaintiff by forcible compulsion and/or when Plaintiff was physically helpless[]" (Compl. ¶ 186);

- The alleged sexual assault by Mr. Schwartz "was intentional and committed with malice and in disregard of the rights, safety and welfare of Plaintiff" (Compl. ¶¶ 189, 196);

- "By forcibly raping Plaintiff as alleged above, Defendant Schwartz engaged in a 'crime of violence' as defined in N.Y.C. Admin Code § 8-903[]" (Compl. ¶ 193); and

- "Defendant Schwartz's rape of Plaintiff was 'motivated by gender' as defined in N.Y.C. Admin Code § 8-903[]" (Compl. ¶ 194).

## LEGAL ARGUMENT

### I.   LEGAL STANDARD

#### A.   Federal Rule of Civil Procedure 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction pursuant to FRCP 12(b)(2), the "plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels Lambert v. Fidler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).  Where there has been no discovery or evidentiary hearing, "the plaintiff can satisfy its burden by making

allegations sufficient to establish a *prima facie* case for the exercise of jurisdiction." *BHC Interim Funding, LP v. Bracewell & Patterson, LLP*, No. 02 Civ. 4695 (LTS) (HBP), 2003 WL 21467544, at *1 (S.D.N.Y. June 25, 2003). While the court will view allegations in a light most favorable to a plaintiff, a plaintiff may not rely on conclusory statements without any supporting facts, as such allegations "lack the factual specificity necessary to confer jurisdiction." *Art Assure Ltd., LLC v. Artmentum GmbH,* No. 14 Civ. 3756 (LGS), 2014 WL 5757545 *1, *2 ((S.D.N.Y. Nov. 4, 2014) (*citing Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 185 (2d Cir. 1998)). "A *prima facie* showing of jurisdiction does not mean that plaintiff must show only some evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction." *Tamam v. Fransabank Sal*, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (internal quotes and citations omitted).

While this Court may rely upon materials that are outside the pleadings when ruling on a 12(b)(2) motion, the plaintiff has the burden of establishing that the court maintains jurisdiction over the defendant. *See Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999). To establish proper personal jurisdiction, a plaintiff must plead facts which, if true, are sufficient to establish jurisdiction. *See Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.*, 975 F. Supp. 562, 564 (S.D.N.Y.1997). "A plaintiff may 'make this showing through [her] own affidavits and supporting material . . . that, if credited  . . . would suffice to establish jurisdiction over the defendant *Darby Trading Inc. v. Shell Int'l Trading and Shipping Co. Ltd.,* 568 F. Supp. 2d 329, 334 (S.D.N.Y. 2008) (internal citations omitted); *Jazini,*, 148 F. 3d at 186 (affirming the denial of jurisdictional discovery where the plaintiff failed to establish a *prima facie* case for jurisdiction); *Sutts v. De Dietrich Group*, 465 F. Supp. 2d 156, 169 (E.D.N.Y. 2006) ("District courts in this circuit routinely reject requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make

6

out a *prima facie* case of jurisdiction."). To determine whether a court has personal jurisdiction

over a defendant, courts engage in a two-step analysis. *See, e.g., Bank Brussels Lambert*, 171 F.3d

at 784. "[T]he Court must first determine whether personal jurisdiction is appropriate pursuant to

the State's general jurisdiction statute, C.P.L.R. § 301, or its long arm jurisdiction statute, C.P.L.R.

§ 302. If and only if the Court's exercise of personal jurisdiction is deemed appropriate according

to New York law, the second step is an evaluation of whether the Court's exercise of personal

jurisdiction comports with the Due Process Clause of the United States Constitution." *Holmes v.*

*Apple, Inc.*, No. 17-cv-4557 (ER), 2018 WL 3542856 *1, *3 (S.D.N.Y. July 23, 2018) (citing

*Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163–64 (2d Cir. 2010)).

### B.     Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the facts

set forth in the complaint "must be enough to raise a right to relief above the speculative level[.]"

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This "demands more than

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citing *Twombly*, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; nor will

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements." *Id.* (quoting *Twombly*, 550 U.S. at 555).

A claim has "facial plausibility" where the complaint contains "factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged";

it must offer "more than a sheer possibility that a defendant has acted unlawfully" or "facts that

are 'merely consistent with' a defendant's liability"; in such a case, the complaint "'stops short of

113624759

the line between possibility and plausibility of entitlement to relief.'"  *Id.*, at 676 (quoting *Twombly*, 550 U.S. at 557; some internal quotation marks omitted).

## II.     **PLAINTIFF'S COMPLAINT MUST BE DISMISSED WITH RESPECT TO ALL CLAIMS AGAINST DEFENDANT SCHWARTZ, AS THIS COURT LACKS PERSONAL JURISDICTION AGAINST DEFENDANT SCHWARTZ**

"To  determine personal jurisdiction over  a  non-domiciliary  in  a  case  involving a federal question, the Court must engage in a two-step analysis." *Chloe*, 616 F.3d at 163.  *See, Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 243–44 (2d Cir. 2007).  First, the Court must apply the forum state's long-arm statute.  *See id.* at 244; *Sunward Elecs., Inc. v. McDonald,* 362 F.3d 17, 22 (2d Cir. 2004).  New York's long-arm statute provides:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent: 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or 2. commits a tortious act within the state ...; or 3. commits a tortious act without the state causing injury to person or property within the state ... if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

*Chloe,* 616 F. 3d at 163–64 (quoting N.Y. C.P.L.R. § 302(a) (McKinney)).

If the long-arm statute permits personal jurisdiction, the second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution.  This analysis has two related components: the "minimum contacts" inquiry and the "reasonableness" inquiry. With respect to minimum contacts, the Court must determine whether the defendant has sufficient  contacts  with  the  forum  state  to  justify  the  court's  exercise  of  personal jurisdiction.  *See Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).  Under this inquiry, a distinction is made between "specific" jurisdiction and "general" jurisdiction.  As applicable here,

8

specific jurisdiction exists when "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 & n. 8 (1984).

When analyzing reasonableness as part of the due process inquiry, this Court must ask whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice," *Int'l Shoe Co.,* 326 U.S. at 316 — in other words, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case. The U.S. Supreme Court has held that courts must evaluate the following factors as part of this "reasonableness" analysis: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. *See Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113–14 (1987); *see also A.I. Trade Fin., Inc. v. Petra Bank,* 989 F.2d 76, 83 (2d Cir. 1993) (discussing reasonableness factors); *Twin City Fire Ins. Co. v. Harel Ins. Co.*, No. 10-cv-07842 (BSJ) (GWG), 2011 WL 3480948, at *2 (S.D.N.Y. Aug. 5, 2011). While the exercise of jurisdiction may be favored if the plaintiff has made a threshold showing of minimum contacts, it can be defeated where the defendant presents "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985).

Here, CPLR § 302(a)(3) is the applicable long arm statute, as Plaintiff alleges that Mr. Schwartz committed a tort outside of New York, in Stamford, Connecticut. (Compl. ¶¶ 46-53) (Schwartz Decl., ¶ 7).

113624759

"For this court to exercise jurisdiction over a nondomiciliary under CPLR § 302(a)(3), several conditions must be met: *first,* the defendant must commit a tortious act outside of New York; *second,* the plaintiff must sustain an injury in New York as a result of the tortious act; and *third,* the defendant must either (a) solicit business, engage in persistent conduct, or derive substantial revenue from goods or services used or consumed in the state; or (b) derive substantial revenue from interstate commerce and reasonably expect his tortious act to have consequences in New York."

*Wilson v. Danka Corp.*, No. 01 CIV. 10592(DAB), 2002 WL 31929120, at *3 (S.D.N.Y. Jan. 28, 2003) (emphasis in the original).

Plaintiff's Complaint must be dismissed as to Mr. Schwartz because this Court lacks personal jurisdiction over him, as Mr. Schwartz's alleged tortious act did not cause an injury in New York nor does he solicit business, engage in persistent conduct, or derive substantial revenue from goods or services used or consumed in New York.  (Schwartz Decl., ¶¶ 12-13).  "Courts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a 'situs of injury' test, which asks them to locate the 'original event which caused the injury.'"  *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (quoting *Bank Brussels,* 171 F.3d at 791) (internal quotations omitted). "The situs of injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff."  *Hermann v. Sharon Hosp., Inc.,* 135 A.D.2d 682, 683, 522 N.Y.S.2d 581, 583 (2d Dep't 1987). The Second Circuit has held that the original event is distinct from the tortious act, and occurs "where the first effect of the tort . . . that ultimately produced the final economic injury" is located.  *Bank Brussels,* 171 F.3d at 792 (internal quotations omitted). *See also Muraco v. Sandals Resorts Int'l*, No. 14-cv-4896 (MKB), 2015 WL 9462103, at *4 (E.D.N.Y. Dec. 28, 2015) ("The situs of the injury for the purpose of section 302(a)(3)(ii) 'is the

place where the *underlying, original event occurred* which caused the injury . . . *not the location where the resultant damages are felt by the plaintiff*.'"  *M & M Packaging, Inc. v. Kole*, 298 F. App'x 39, 42 (2d Cir. 2008) (emphasis in the original) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001)).  Moreover, "[i]t is well-settled that 'residence or domicile of the injured party within [New York] is not a sufficient predicate for jurisdiction' under section 302(a)(3)."  *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013) (quoting *Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 326 (1980)).  *See also Domond v. Great Am. Recreation, Inc.*, 116 F. Supp. 2d 368, 373–74 (E.D.N.Y. 2000) ("The mere residence or domicile in New York of an injured plaintiff does not constitute injury within the state for the purpose of establishing jurisdiction under CPLR 302(a)(3) where the injury occurred elsewhere." (citing *Bramwell v. Tucker*, 484 N.Y.S.2d 92, 93 (2d Dep't 1985)).

Because Plaintiff contends that she was assaulted while at a hotel in Stamford, Connecticut, the first effect of Mr. Schwartz's alleged assault against Plaintiff occurred in Connecticut, which is the situs of the injury.  Consequently, even if Plaintiff could demonstrate that Mr. Schwartz had sufficient contacts with New York (which she cannot) (Schwartz Decl., ¶¶ 9-13), the Court cannot exercise jurisdiction over her claims against him pursuant to CPLR § 302(a)(3) because the injury that he allegedly caused did not occur in New York.

Under CPLR § 302(a)(3), the fact that Plaintiff is a New York resident and allegedly continued to suffer pain in New York as a result of her alleged injury is not relevant.  *See Thackurdeen v. Duke Univ.*, No. 14-cv-6311 (AJN), 2015 WL 5155890, at *11 (S.D.N.Y. Sept. 2, 2015) ("While [p]laintiffs undoubtedly continued to experience pain and suffering . . . upon their return to New York, a litigant may not carry an injury home for purposes of section 302(a)(3)." (citations omitted)); *Wilson*, 2002 WL 31929120, at *3 ("The fact that the consequences of these

alleged acts may have continued in New York does not make New York the site of the tort."
(citations omitted)); *Domond*, 116 F. Supp. 2d at 374 ("While [the plaintiff] continues to suffer the
damages resulting from that accident at her home in New York, the locus of the injury was not in
the State of New York, and thus, outside the scope of CPLR § 302(a)(3)."). Accordingly, the
Court must conclude that it lacks personal jurisdiction over Mr. Schwartz under New York's long-
arm statute.

However, even if the Court were to determine that New York's long-arm statute applied
here, which it does not, the Court must decline to exercise personal jurisdiction over Mr. Schwartz
because the exercise of personal jurisdiction would offend the notion of Due Process under the
U.S. Constitution. As noted above, the U.S. Supreme Court has held that courts must evaluate the
following factors when deciding whether exercising personal jurisdiction over foreign defendants
is proper: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the
interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining
convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most
efficient resolution of the controversy; and (5) the shared interest of the states in furthering
substantive social policies. *See Asahi Metal Indus.*, 480 U.S. at 113–14; *Twin City Fire Ins. Co.*,
2011 WL 3480948, at *2.

Here, all five factors weigh against this Court exercising personal jurisdiction: (1) Mr.
Schwartz is a resident of Texas (Schwartz Decl., ¶ 1) and no longer works at Indeed and, therefore,
the exercise of personal jurisdiction over him will be an immense burden, requiring him to travel
frequently to New York in the midst of a pandemic to meet with counsel and appear before the
Court; (2) the interests of the State of New York in adjudicating Plaintiff's specious claims are
minimal because Mr. Schwartz does not reside in New York (Schwartz Decl., ¶ 1) and the alleged

conduct did not occur in New York (Schwartz Decl., ¶ 7); (3) while Plaintiff will argue she has an interest in obtaining relief in New York, it will be more convenient if she attempts to seek such relief in the same location with all Defendants, and the other Defendants are seeking dismissal from this Court as well; (4) the judicial system's interest in obtaining the most efficient resolution of this controversy does not rest with this Court, as the alleged assault occurred in Connecticut; and (5) the shared interest of the states in furthering substantive social policies can be equally accomplished by dismissing this action and allowing Plaintiff to file in the appropriate jurisdiction. Thus, Mr. Schwartz has "a compelling case that the presence of some other considerations would render jurisdiction unreasonable," and therefore even if the Court concludes that New York's long-arm statute applies here, it should still decline to exercise personal jurisdiction because it would offend the notion of Due Process under the U.S. Constitution.  *See Burger King Corp,* 471 U.S. at 477.

## III.    IN THE ALTERNATIVE, DEFENDANT SCHWARTZ SEEKS TO JOIN THE CO-DEFENDANTS' MOTION TO COMPEL ARBITRATION

So as to reduce the burden on this Court and with respect to repetitive pleadings, Mr. Schwartz hereby adopts the arguments set forth in the Co-Defendants' Motion (*see* Docket No. 32), which clearly demonstrate that, pursuant to Plaintiff's arbitration agreement, Plaintiff is contractually bound to arbitrate all claims arising under "applicable local, state or federal law" against Indeed or "any officer, director, employee or agent of" Indeed or that Plaintiff "might have against any officer, director, employee or agent of" Indeed "if that claim in any way arises out of or is ancillary to [Plaintiff's] employment relationship," (Docket No. 31-5, Ex. E, pp. 8-9 (¶ 11(b)), which clearly covers any alleged claims Plaintiff has against Mr. Schwartz.  If requested by the Court, Mr. Schwartz will submit a supplemental brief detailing his arguments in support of the Co-

113624759

Defendants' Motion.  Otherwise, Mr. Schwartz will have been presumed to have adopted the positions set forth in the Co-Defendants' Motion that are not inconsistent with his position.

IV.     **FINALLY, IF THE COURT DECLINES TO GRANT DEFENDANT SCHWARTZ'S REQUESTS UNDER POINTS (II) AND (III), THE COURT MUST DISMISS THE NINTH AND TENTH CAUSES OF ACTION AGAINST DEFENDANT SCHWARTZ FOR FAILURE TO STATE A CLAIM**

If the Court declines to grant Mr. Schwartz's Motion with respect to points II and III above, the Court must still dismiss Causes of Action Nine and Ten in the Complaint against Mr. Schwartz for failure to state a claim pursuant to Rule 12(b)(6).

A.     **Causes of Action Nine and Ten Must Be Dismissed Because they Are Barred by the Applicable Statutes of Limitations**

This Court must dismiss the claims against Mr. Schwartz for lack of personal jurisdiction because, at set forth above, the alleged conduct by Mr. Schwartz occurred in Stamford, Connecticut, not in New York.  If this Court decides that it does, in fact, have personal jurisdiction over Mr. Schwartz, it still must dismiss the Complaint and compel arbitration based on the arguments set forth in the Indeed Defendants' Motion to Compel.  However, even if this Court decides that it may exercise personal jurisdiction over Mr. Schwartz (which it cannot), and decides not to compel arbitration (which it must), the claims against Mr. Schwartz that are alleged in Counts Nine and Ten of the Complaint must be dismissed pursuant to Rule 12(b)(6) because, based on applicable law in Connecticut, which must be applied here under New York's choice-of-law rules, Plaintiff's claims are time barred.

The choice of law rules of the forum state—-here, New York—must determine what law applies.  *See, e.g., Barkanic v. Gen. Admin. of Civil Aviation of the People's Republic of China*, 923 F.2d 957, 961 (2d Cir. 1991) (applying New York choice of law principles in action arising under [federal] FSIA).  When deciding which law to apply, New York gives "'controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence

113624759

or the parties, has the greatest concern with the specific issue raised in the litigation.'" *Loebig v. Larucci,* 572 F.2d 81, 84 (2d Cir. 1978) (quoting *Babcock v. Jackson,* 12 N.Y.2d 473, 481, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963)).  Thus, "when the domiciles of the parties differ, the location of the injury determines the governing substantive law absent special circumstances." *Gray v. Busch Entn't Corp.,* 886 F.2d 14, 15 (2d Cir. 1989) (*per curiam*); *see also Bader v. Purdom,* 841 F.2d 38, 40 (2d Cir. 1988) ("As a general rule, New York courts resolve true conflicts in tort cases by applying the law of the place of injury, unless 'special circumstances' warrant a departure from the *lex loci delicti* rule.").

"New York courts also distinguish between rules regulating conduct and rules governing loss allocation. 'Generally, when the laws in conflict are conduct regulating, the law of the locus jurisdiction applies.'"[4] *777388 Ontario Ltd. v. Lencore Acoustics Corp.*, 105 F. Supp. 2d 56, 61 n. 3 (E.D.N.Y. 2000) (quoting *AroChem Int'l, Inc. v. Buirkle,* 968 F.2d 266, 270 (2d Cir. 1992)). "The locus jurisdiction 'has the predominant interest where rules regulating conduct are at issue, because of its interest in affecting the conduct of those who act within the jurisdiction and of a reliance interest on the part of the actors whose conduct is at issue.'" *Id.* (quoting *Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 198, 491 N.Y.S.2d 90 (1985)).  *See also Robins v. Max Mara, U.S.A., Inc.*, 923 F. Supp. 460, 465 (S.D.N.Y. 1996)  (noting that, "[f]or tort claims, New York focuses on which jurisdiction has the greater interest in a dispute"); *In re Travelers Indem. Co.*, 195 A.D.2d 35, 39, 606 N.Y.S.2d 167, 170, (1st  Dep't 1993)  ("Choice-of-Law discussions in tort cases have focused on which jurisdiction has the greater interest in a dispute").

---

[4] In contrast, claims that focus on loss allocation are governed by the laws of the state with the most significant contacts to the underlying action.  *See Schwimmer v. Allstate Ins. Co*., 176 F.3d 648, 650 (2d Cir. 1999).

Here, Plaintiff's specific claims against Mr. Schwartz are entirely based on the regulation of conduct, rather than loss allocation. (Compl., ¶¶ 185-196). Plaintiff claims against Mr. Schwartz include only alleged harassment, discrimination, and tortious conduct. Accordingly, the conduct-regulation choice of law analysis constrains this Court to apply the law of the state "most intimately concerned with the outcome of (the) particular litigation," *Babcock*, 240 N.Y.S.2d at 749 (quotations omitted), which is Connecticut, as all of the alleged actions giving rise to Ninth and Tenth Causes of Action occurred in Connecticut, not New York. (Compl., ¶¶ 46-53). Without question, the interest analysis favors applying Connecticut law to Ninth and Tenth Causes of Action against Mr. Schwartz.

By demonstrating that New York choice-of-law rules favor application of Connecticut law over New York law as to Plaintiff's claims in the Ninth and Tenth Causes of Action against Mr. Schwartz, the Court should dismiss said counts on the grounds that they are untimely.

Here, the applicable Connecticut statutes bar Plaintiff's Ninth and Tenth Causes of Action against Mr. Schwartz as untimely. According to the Complaint, Plaintiff seeks damages resulting from an alleged sexual assault that occurred in Stamford, Connecticut in July 2015. (Compl., ¶¶ 44, 185-96). The Connecticut statute of limitations for both of Plaintiff's specific claims against Mr. Schwartz are three years, running from the time the alleged causes of action accrued (*i.e.*, the date of the alleged incident) on or about July 24, 2015, which was outside the applicable statute of limitations. *See* C.G.S. § 52-577 ("No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."); C.G.S. § 52-577e ("Notwithstanding the provisions of sections 52-577 . . . an action to recover damages for personal injury caused by sexual assault may be brought at any time after the date of the act complained of if the party legally

at fault for such injury has been convicted of a violation of section 53a-70 or 53a-70a)[5];
Accordingly, after applying New York's choice-of-law principals, as this Court is obligated to do,
and looking at applicable Connecticut law, Plaintiff's claims against Mr. Schwartz in the Ninth
and Tenth Causes of Action must be dismissed for failure to state a claim under Rule 12(b)(6), as
Plaintiff's claims are time barred (and have been for almost two years).

**B.** **Even if the Court Declines to Dismiss the Ninth and Tenth Causes of Action as Barred by the Applicable Statutes of Limitation, the Tenth Cause of Action Must be Dismissed because it Also Fails to State a Claim**

Plaintiff's Tenth Cause of Action in her Complaint is for a claim under New York City's
Gender–Motivated Violence Act ("GMVA"), set forth in § 8-901 *et seq.* of the N.Y.C. Admin.
Code. The GMVA provides that "any person claiming to be injured by an individual who commits
a crime of violence motivated by gender as defined in section 8–903 of this chapter, shall have a
cause of action against such individual." N.Y.C. Admin. Code § 8–904. Section 8–903 of the
N.Y.C. Admin. Code defines a "crime of violence" as an "act or series of acts that would constitute
a misdemeanor or felony against the person as defined in state or federal law . . . if the conduct
presents a serious risk of physical injury to another, whether or not those acts have actually resulted
in criminal charges." N.Y.C. Admin. Code § 8–903. An act is "motivated by gender" if it is
"committed because of gender or on the basis of gender, *and* due, at least in part, to an animus
based on the victim's gender." N.Y.C. Admin. Code § 8–903 (emphasis added).

In order to state a claim under this section, Plaintiff must plead the following elements:
"(1) the alleged act constitutes a misdemeanor or felony against the plaintiff; (2) presenting a
serious risk of physical injury; (3) that was perpetrated because of plaintiff's gender; (4) in part

---

[5]Notably, Mr. Schwartz has never been prosecuted for, let alone convicted of, any of the conduct alleged by Ms. Gilbert and, in fact, the Connecticut State's Attorney's Office declined to prosecute Ms. Gilbert's claims because the State's Attorney's Office could not substantiate her claims. (Schwartz Decl., ¶ 14).

113624759

because of animus against plaintiff's gender; and (4) resulted in injury." *See Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 454–55 (S.D.N.Y. 2018); *see also Gottwald v. Sebert*, No. 653118/2014, 2016 WL 1365969, at *9 (N.Y. Sup. Ct. Apr. 6, 2016) (agreeing with the defendants that plaintiff's § 8-904 claim should be dismissed because she failed to "allege gender-motivated violence," finding that, "[a]lthough Gottwald's alleged actions were directed to Kesha, who is female, the [counterclaims] do not allege that Gottwald harbored animus toward women or was motivated by gender animus when he allegedly behaved violently toward Kesha. Every rape is not a gender-motivated hate crime."); *Cordero v. Epstein*, 22 Misc. 3d 161, 169, 869 N.Y.S.2d 725, 731 (Sup. Ct. 2008) ("Moreover, even if the lengthier statutory periods were valid, the proposed second amended complaint fails to state any facts showing that Epstein's alleged acts demonstrated any hostility based on gender. Thus, plaintiff's claims under § 8-903 would not be viable and dismissal would ensue.").

Here, Plaintiff's Complaint fails to allege sufficient facts to state a claim under the GMVA because the Complaint fails to allege facts sufficient to establish that the alleged assault was "committed because of gender", "on the basis of gender," or "due, at least in part, to animus based on [Plaintiff's] gender."  Rather, the only allegations against Mr. Schwartz related to Plaintiff's gender are two alleged comments he made that Plaintiff was a "nice Jewish girl" and that there are "no Jewish girls in Austin," (Compl. ¶¶ 3, 46), and the wholly conclusory allegation in Count Ten of the Complaint that "Defendant Schwartz's rape of Plaintiff was 'motivated by gender' as defined in N.Y.C. Admin. Code § 8-903," (Compl. ¶ 194).  Accordingly, there are no facts alleged in the Complaint to suggest that the alleged assault was motivated by gender animus, and, therefore, the Tenth Cause of Action in the Complaint must be dismissed for failure to state a claim. *See Hughes*, 304 F. Supp. 3d at 454–55 (concluding that plaintiff "fails to plead gender-

113624759

specific animus" because "the Complaint is devoid of facts demonstrating that Payne's actions were also motivated, in part, by 'feelings of animosity and malevolent ill will' against women" and plaintiff "offers no specific allegations that Payne harbored or expressed any animosity toward women"); *Id*. at 455 ("While actions arising from the statute are invariably predicated on reprehensible conduct against female victims, this factor alone cannot sustain a GMVA claim. In spite of the egregious nature of the allegations, courts have dismissed GMVA claims based on the plaintiff's failure to state "any facts showing that [defendant's] alleged acts demonstrated any hostility based on gender.") *Id.*; *Fierro v. Taylor*, 11-cv-8573 (BSJ), 2012 WL 6965719, at *1 (S.D.N.Y. Oct. 22, 2012) (animus can be shown through factors such as "perpetrator's language, severity of the attack, lack of provocation, previous history of similar incidents, absence of other apparent motive, and common sense"); *Adams v. Jenkins*, No. 115745/03, 2005 WL 6584554 (N.Y. Sup. Ct. Apr. 22, 2005) (defendant slapped and pushed plaintiff, called her a "bitch," and threatened to kill her but court found plaintiff had failed to plead that assault was "motivated by gender bias").

Moreover, not only does Plaintiff fail to allege sufficient facts to state a GMVA claim in her Complaint, but even if she had pleaded sufficient facts to allege that Mr. Schwartz somehow exhibited animosity towards Plaintiff based on her gender, her GMVA claim would fail because the alleged assault occurred in Connecticut, not New York City, and the NYCHRL applies only to conduct that occurs within New York City.  *See Gottwald*, 2016 WL 1365969, at *9 (concluding that "the § 8-904 claim should be dismissed because the jurisdiction and powers of the City are limited to its geographical borders and Kesha does not allege any violent acts that occurred in New York City. City Code § 2-201"); *see also Hardwick v. Auriemma*, 116 A.D.3d 465, 466, 983 N.Y.S.2d 509 (1st Dep't 2014) ("The State and City Human Rights Laws do not apply to acts of

discrimination against New York residents committed outside their respective boundaries by foreign defendants[."] (citing *Sorrentino v Citicorp*, 302 A.D.2d 240 (1st Dep't 2003)); *Wahlstrom v. Metro-N. Commuter R. Co.*, 89 F. Supp. 2d 506, 527 (S.D.N.Y. 2000) ("Plaintiff's claims under the NYCHRL must also be dismissed. As Metro–North correctly points out, the alleged incidents took place in White Plains, New York, well outside the borders of New York City."); *Levy v. City Comm'n on Human Rights,* 85 N.Y.2d 740, 743, 628 N.Y.S.2d 245, 246–47 (1995) ("The Administrative Code of the City of New York vests in the New York City Commission on Human Rights the authority and jurisdiction to eliminate and prevent discrimination within the City of New York.").

20

113624759

## <u>CONCLUSION</u>

For the reasons set forth above, this Court should dismiss the Complaint in its entirety and with prejudice as to all claims against Defendant Schwartz, pursuant to Rule 12(b)(2), as the Court lacks personal jurisdiction with respect to Mr. Schwartz.  In the alternative, Defendant Schwartz seeks to join the Co-Defendants' Motion to compel arbitration.  Finally, if the Court declines to grant Mr. Schwartz's Motion under Rule 12(b)(2) or permit Mr. Schwartz to join the Co-Defendants' Motion and grant same, the Court should dismiss the Tenth Cause of Action against Defendant Schwartz, pursuant to Rule 12(b)(6), for failure to state a claim.

DATED:        August 31, 2020                    Respectfully submitted,
                      New York, New York
                                                                    FOX ROTHSCHILD LLP


                                                   By:_____*/s/ James M. Lemonedes*_____
                                                         James M. Lemonedes
                                                         Matthew C. Berger
                                                         jlemonedes@foxrothschild.com
                                                         mberger@foxrothschild.com
                                                         101 Park Avenue, 17th Floor
                                                         New York, NY 10178
                                                         (212) 878-7900

                                                         *Attorneys for Defendant*
                                                         *Aaron Schwartz*

113624759