

Seyfarth Shaw LLP

620 Eighth Avenue
New York, New York  10018
T (212) 218-5500
F (212) 218-5526

cstieber@seyfarth.com
T (212) 218-3382

www.seyfarth.com

August 27, 2020

Hon. Lewis J. Liman
United States District Court, SDNY
500 Pearl Street, Room 701
New York, NY 10007

Re:   Gilbert v. Indeed, Inc., et al., Civil Action No. 20 Civ 3826 (LJL)

Dear Judge Liman:

On behalf of Indeed, Inc. ("Indeed")[1], we write to respectfully request an adjournment of the Initial Pretrial Conference scheduled for October 5, 2020, as well as all associated deadlines included in the Notice of Initial Pretrial Conference (the "Notice"). (Dkt. 21).  We make this adjournment request in light of the Indeed Defendants' pending motion to compel arbitration, dismiss claims against them, or in the alternative, stay the proceedings, and award costs and fees.  We seek to adjourn the Initial Pretrial Conference and related deadlines in the Notice until Your Honor has had an opportunity to rule on the aforementioned motion.

This is the first request for an adjournment of the Initial Pretrial Conference.

Pursuant to your Honor's Individual Practices, Rule 1(b), the parties met and conferred via email in advance of submitting this request.  Counsel for the individually named defendant Aaron Schwartz consented to the request for an adjournment.  However, Plaintiff does not consent.  Plaintiff's stated position is that the pending motion does not provide a basis to adjourn the Conference and related deadlines, and that the Court's Notice of Initial Pretrial Conference contemplates holding the conference irrespective of a motion to dismiss.  We disagree with this reasoning.

The purpose of the Initial Pretrial Conference is to set a discovery schedule on the premise that this matter will be proceeding before Your Honor and this Court. Indeed's position is that this matter is subject to arbitration, and as such, discovery should proceed under the province of an arbitrator.  The Court's decision on the pending motion will be determinative of whether discovery proceeds before this Court or not.  Consequently, an adjournment of the initial conference is proper because it will preserve judicial resources and conserve the parties' expenses associated with discovery.  Should the parties proceed with discovery in federal court, including a 26(f) conference and any discovery that follows, while the motion to compel arbitration is pending, it will force the parties (and particularly, the Defendants) to incur

---

[1] Indeed is also represented by Waller Lansden Dortch & Davis, LLP, who additionally represents Alexa Wachstein, Gabrielle Verbaro, and Michelle Lam (collectively with Indeed, the "Indeed Defendants"). The Indeed Defendants join this submission.

65351406v.1



unnecessary expenses, attorneys' fees, and costs should the Court grant the Indeed Defendants' motion.  It should come as no surprise that Plaintiff does not consent to the adjournment, as Plaintiff is asking the Court to disregard and set aside the parties' valid and enforceable arbitration agreement and assume jurisdiction of her claims.  At a minimum, this dispute is part and parcel of the issues addressed in the Indeed Defendants' pending motion to compel arbitration and the initial conference and related discovery deadlines should be set aside until an order is issued on the motion.  As such, we respectfully request that Your Honor adjourn the Initial Pretrial Conference and related deadlines in the Notice until a decision is made on the pending motion to dismiss and compel arbitration.

We thank you for your attention to this matter.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Courtney Stieber*

Courtney Stieber


The request for an adjournment of the initial pretrial conference is DENIED.  At the conference, the Court will hear argument on Defendants' motion to compel arbitration and whether discovery should proceed pending a decision on that motion.

SO ORDERED.  8/31/2020.

LEWIS J. LIMAN
United States District Judge

65351406v.1